# In the United States Court of Federal Claims

| | |
|---|---|
| LESLIE R. HASTINGS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 22-cv-1705 <br><br> Filed: March 8, 2023 |

*Leslie R. Hastings, Jr.*, Lamesa, Texas, appearing *pro se.*

*Laura Offenbacher Aradi*, United States Department of Justice, Washington, D.C., appearing for Defendant.

## MEMORANDUM AND ORDER

Plaintiff Leslie R. Hastings, Jr., appearing *pro se*, seeks redress against the United States for various claims including judicial misconduct, judicial bias, violation of 28 U.S.C. § 636, and alleged violations of his constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments.  *See* Complaint (ECF No. 1) (Compl.) at 2–3.[1] Presently before the Court is the United States' (Defendant's) Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rule(s)).  ECF No. 16 (Mot.).  Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's claims.  For the reasons stated below, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3).

---

[1] Citations to Plaintiff's Complaint reference the ECF page numbers.

**BACKGROUND**

This case is the latest in a series of actions brought by Plaintiff — in the United States Court of Federal Claims and in other federal courts — concerning his imprisonment and related lawsuits. The United States District Court for the Northern District of Texas dismissed one such complaint, in which Plaintiff alleged that "he [wa]s wrongfully confined because of a frivolous civil case he filed," on February 1, 2021 pursuant to 28 U.S.C. § 1915. *Hastings v. Hendrix*, No. 6:20-cv-00118-C, 2021 WL 562185, at *1 (N.D. Tex. Feb. 1, 2021). On appeal, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) also found Plaintiff's claims frivolous and dismissed the appeal for want of prosecution on April 16, 2021. *Hastings v. Hendrix, et al.*, No. 21-10126, 2021 WL 3627252 (5th Cir. Apr. 16, 2021).

On May 10, 2022, Plaintiff filed a complaint in the Court of Federal Claims alleging he was wrongfully convicted and imprisoned by the Fifth Circuit for filing his previous action claiming wrongful imprisonment. *Hastings v. United States*, No. 22-cv-531, ECF No. 1 at 2 (Fed. Cl. May 10, 2022) (stating Plaintiff "is currently being wrongfully imprisoned and convicted by the United States for civil cases filed . . . for wrongful imprisonment"). Plaintiff proceeded to file 19 different motions before the Court of Federal Claims dismissed Plaintiff's complaint on July 12, 2022. *Hastings v. United States*, No. 22-cv-531, 2022 WL 2679990 (Fed. Cl. July 12, 2022). The United States Court of Appeals for the Federal Circuit (Federal Circuit) affirmed the decision of the Court of Federal Claims on November 14, 2022. *Hastings v. United States*, No. 2022-2073, 2022 WL 16908624 (Fed. Cir. Nov. 14, 2022).

Plaintiff filed his Complaint (ECF No. 1) in the present case on November 14, 2022, bringing suit against the United States, the United States Court of Federal Claims, and the United

States Court of Appeals for the Federal Circuit.[2]  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (ECF No. 8), which this Court granted on December 14, 2022.  ECF No. 10. Plaintiff's Complaint alleges myriad wrongdoing by both the Court of Federal Claims and the Federal Circuit in the handling of his prior case no. 22-cv-531.  Compl. at 1–2.  Plaintiff's allegations include claims of judicial misconduct, judicial bias, violation of 28 U.S.C. § 636(c), and violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments.  Compl. 1–3.  As relief, Plaintiff requests "the termination of the U.S. Federal Government, and the legal system to be operated by the U.S. Military," to "be the President of the United States, to include all nations within the United States jurisdiction," and damages in the amount of $500 billion.  Compl. at 3.

On December 8, 2022, before Defendant's deadline for responding to the Complaint, Plaintiff filed a Motion for Summary Judgment.  ECF No. 9.  Defendant subsequently filed a Motion to Stay Briefing on Motion for Summary Judgment Until After the Court Rules on the Defendant's Forthcoming Motion to Dismiss (ECF No. 13), which this Court granted on December 16, 2022 to allow Defendant the opportunity to first respond to Plaintiff's Complaint.  Order Granting Defendant's Motion to Stay Briefing on Motion for Summary Judgment (ECF No. 14). Defendant filed its Motion to Dismiss Pursuant to Rule 12(b)(1) on January 17, 2023, arguing this Court lacks jurisdiction to hear Plaintiff's claims.  ECF No. 16.  On January 19, 2023, Plaintiff filed a document styled as a Motion to Sever requesting the Court "sever[] the above-listed case

---

[2] While Plaintiff's Complaint states "[t]he United States Court of Federal Claims and the United States Court of Appeals[] for the Federal Circuit are the defendants and/or parties in this matter," the Complaint's case caption lists the United States as both "Defendant(s)" and "Third-Party Defendant(s)."  Compl. at 1.  This Court construes the Complaint as intending to bring suit against the United States for the actions of the Court of Federal Claims and the Federal Circuit.  To the extent Plaintiff intends to bring suit against the courts or individual judges of those courts, this Court lacks jurisdiction to hear such claims.  *See infra* Discussion Section II.B.

number from <u>all</u> pending litigation." ECF No. 17 at 1 (emphasis in original). Following its approach to Plaintiff's Motion for Summary Judgment, this Court stayed briefing on Plaintiff's Motion to Sever until after it ruled on Defendant's pending Motion to Dismiss. Order Staying Briefing on Plaintiff's Motion to Sever (ECF No. 18).

## **APPLICABLE LEGAL STANDARD**

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create a right to relief itself. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983). To establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."). The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotations omitted). Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216. Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing how the Court of Federal Claims' limited jurisdiction does not include

relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).

In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all uncontroverted facts as true and construes the facts in the light most favorable to the non-moving party. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." RCFC 10(c). Thus, on a motion to dismiss, this Court considers "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although held to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**DISCUSSION**

Plaintiff's Complaint is difficult to decipher, but this Court understands it to bring constitutional, judicial misconduct, and tortious discrimination claims against the United States. However, this Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, as this Court's jurisdiction does not extend to claims brought pursuant to constitutional amendments that are not money-mandating, to appellate review of past Court of Federal Claims or Federal Circuit actions, or to claims sounding in tort. This Court accordingly considers Plaintiff's Complaint to be frivolous and lacking a basis in law. As this is the third dismissal of a frivolous complaint brought by Plaintiff in federal court, Plaintiff shall be barred from proceeding *in forma pauperis* when bringing a civil case or appealing a judgment in a civil action or proceeding while imprisoned, pursuant to 28 U.S.C. § 1915(g).

**I.      Plaintiff's Constitutional Claims Must Be Dismissed**

This Court must dismiss Plaintiff's constitutional claims alleging violations of his rights under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments for lack of subject matter jurisdiction. *See* Compl. at 2–3.

The Tucker Act confers subject matter jurisdiction to this Court over money-mandating constitutional claims. 28 U.S.C. § 1491(a)(1). The Federal Circuit has expressly held the Court of Federal Claims lacks jurisdiction over claims arising under the Fourth Amendment, Fifth Amendment Due Process Clause, Sixth Amendment, Seventh Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, Thirteenth Amendment, and Fourteenth Amendment Due Process and Equal Protection Clauses, as they are not money-mandating. *See Brown v. United States*, 105 F.3d 621, 623–24 (Fed Cir. 1997) (Fourth Amendment); *Black v. United States*, 28 Fed. Cl. 177, 186 (1993), *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Fifth Amendment Due Process

6

Clause); *Burmaster v. United States*, 744 F. App'x 699, 702 (Fed. Cir. 2018) (Sixth Amendment); *Jaffer v. United States*, 67 F.3d 319 (Fed. Cir. 1995) (Seventh Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Patterson v. United States*, 218 F. App'x. 987, 988 (Fed. Cir. 2007) (Ninth Amendment & Tenth Amendment); *Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (Thirteenth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment Due Process & Equal Protection Clauses).  While this Court has jurisdiction over claims arising under the Takings Clause of the Fifth Amendment, even liberally construed, Plaintiff's Complaint does not identify any relevant property interest, nor does it reference a government action that can be interpreted as depriving Plaintiff of a property interest without just compensation.  *See generally* Compl.; *see Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction.").  Accordingly, this Court **DISMISSES** Plaintiff's constitutional claims for lack of subject matter jurisdiction.

      **II.**      **This Court Must Dismiss Plaintiff's Judicial Misconduct, Judicial Bias, and 28 U.S.C. § 636 Claims**

This Court must also dismiss Plaintiff's claims alleging judicial misconduct, judicial bias, and a violation of 28 U.S.C. § 636 by judges of the Court of Federal Claims and the Federal Circuit in handling his prior case no. 22-cv-531.  Compl. at 3.  While unclear as written, this Court liberally construes the Complaint as either: (1) seeking review of those courts' decisions in Plaintiff's prior case due to perceived wrongdoing; or (2) asserting tort claims against judges of those courts or against the United States.  Under either reading of the Complaint, Plaintiff's "judicial misconduct" and "judicial bias" claims must be dismissed.

A. <u>To the Extent Plaintiff's Judicial Misconduct and Judicial Bias Claims Seek Review of Prior Court of Federal Claims and Federal Circuit Decisions, The Claims Must Be Dismissed</u>

It is well-established that this Court cannot review prior judgments and decisions of federal district courts, federal circuit courts, or the Court of Federal Claims. *See Garcia v. United States*, 629 F. App'x 951, 953 (per curiam) ("The Court of Federal Claims . . . does not have jurisdiction to review the judgments of the United States district courts or circuit courts.") (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015)); 28 U.S.C. § 1295(a)(3) (providing the Federal Circuit with exclusive jurisdiction "of an appeal from a final decision of the United States Court of Federal Claims").

Here, Plaintiff alleges "judicial misconduct," "judicial bias," and a violation of 28 U.S.C. § 636[3] perpetrated by judges of the Court of Federal Claims and the Federal Circuit while considering and ruling on Plaintiff's prior case. Compl. at 1–2. Such claims effectively ask this Court to engage in appellate review by scrutinizing those courts' prior actions. As this Court cannot engage in appellate review of actions by the Court of Federal Claims or the Federal Circuit, this Court **DISMISSES** Plaintiff's judicial misconduct and judicial bias claims for lack of subject matter jurisdiction to the extent they seek such review.

---

[3] Section 636 of Title 28 is a section of 28 U.S.C. Pt. III, Ch. 43, which concerns only "United States Magistrate Judges." Specifically, 28 U.S.C. § 636 speaks to magistrate judges' "Jurisdiction, powers, and temporary assignment." While Plaintiff's Complaint characterizes his prior case, no. 22-cv-531, as having been before a "United States Court of Federal Claims Magistrate Judge," that case was not assigned to a magistrate judge but instead to a judge of the United States Court of Federal Claims, who dismissed Plaintiff's case on July 12, 2022. *See Hastings v. United States*, No. 22-cv-531, 2022 WL 2679990 (Fed. Cl. July 12, 2022). As Plaintiff's prior case was not assigned to a magistrate judge at any point, 28 U.S.C. § 636 is inapplicable. This Court therefore construes the Complaint's reference to 28 U.S.C. § 636 as another statement of Plaintiff's judicial misconduct claim, over which this Court lacks jurisdiction for the reasons discussed in this Section.

8

B. <u>To the Extent the Complaint Alleges Tort Claims Against the United States or Individual Judges, Those Claims Must Be Dismissed</u>

The Tucker Act expressly states this Court lacks subject matter jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021) ("The [Court of Federal Claims] was also correct in holding that [plaintiff's] claim is in essence a tort claim, which is outside the jurisdiction of the . . . Court under the Tucker Act."); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998) (stating the Court of Federal Claims cannot decide questions of tort liability); *Hartman v. United States*, 150 Fed. Cl. 794, 797–98 (2020) (dismissing a *pro se* complaint containing claims sounding in tort); *Redd v. United States*, 147 Fed. Cl. 602, 607 (2020) (same); *Starnes v. United States*, 162 Fed. Cl. 468, 473–74 (2022). It is also well-established that discrimination claims are tort claims and thus fall outside this Court's jurisdiction. *See Qualls v. United States*, 230 Ct. Cl. 534, 538 (1982) ("[T]o the extent that plaintiff charges defendant with acting in a discriminatory or retaliatory manner towards him, such allegations are tortious in nature."); *Jentoft v. United States*, 450 F.3d 1342, 1349–50 (Fed. Cir. 2006) (quoting *Qualls*, 230 Ct. Cl. at 538); *Adams v. United States*, No. 07-cv-809, 2008 WL 4725452, at *2 (Fed. Cl. July 16, 2008) (holding statutory discrimination claims sound in tort). Further, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities. *See, e.g.*, *Sherwood*, 312 U.S. at 588.

Plaintiff's Complaint provides little clarification as to the "judicial bias" he claims to have experienced, although his request for relief suggests racial prejudice by the federal government is at the claim's core. Compl. at 3 (stating Plaintiff "declare[s] war against the U.S. Federal Government for judicial bias, racism, prejudice and misconduct"). As discussed, such allegations

9

of discriminatory treatment sound in tort, and this Court plainly lacks subject matter jurisdiction over such tort claims. *See supra* Discussion Section II.B. Accordingly, to the extent Plaintiff intended to bring tortious discrimination claims against either the United States or individual judges, this Court **DISMISSES** those claims for lack of subject matter jurisdiction.

### III.   Plaintiff's Miscellaneous Jurisdictional Arguments are Unavailing

Plaintiff cites several statutory provisions that allegedly provide this Court with subject matter jurisdiction over his claims. *See* Compl. at 2. Upon review, none of these statutes confer such jurisdiction. 28 U.S.C. § 1254(2) simply provides one circumstance in which the Supreme Court of the United States can review a case from the federal courts of appeals. 28 U.S.C. § 1331 establishes federal question jurisdiction. 28 U.S.C. § 1784 relates to a court holding an unresponsive subpoena recipient in contempt of court. 28 U.S.C. §§ 2253–55 concern writs of *habeas corpus*. 28 U.S.C. § 2403 provides that the United States may intervene in a lawsuit "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). 28 U.S.C. § 2680 relates to tort claims procedures. Finally, 28 U.S.C. § 2710 considers the right of attachment in suits involving the United States Postal Service. None of these statutes speaks to the ability of this Court to hear claims relating to non-money-mandating constitutional provisions, judicial misconduct, or tort claims. Accordingly, Plaintiff's argument that this Court has jurisdiction under the aforementioned statutes is without merit.

### IV.   Plaintiff's Complaint Is Frivolous, Warranting a Third Strike Pursuant to 28 U.S.C. § 1915(g)

In order to discourage "'frivolous, malicious, or repetitious lawsuits,'" Congress enacted a "three strikes" rule for barring a litigant from proceeding *in forma pauperis* in federal court. *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Per 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.

Here, Plaintiff's Complaint seeks extraordinary relief while alleging myriad violations of Plaintiff's rights with minimal specificity as to the allegations and relevant facts. Further, what claims the Court can discern by liberally construing the Complaint fall clearly outside the subject matter jurisdiction of this Court. *See supra* Discussion Sections I–III. Accordingly, as this Court lacks jurisdiction to hear Plaintiff's Complaint, which lacks an arguable basis in fact or in law, this Court finds Plaintiff's Complaint to be frivolous and dismisses this action pursuant to Rules 12(b)(1) and 12(h)(3), and 28 U.S.C. § 1915A(a)–(b).

This dismissal is the third such instance of a federal court dismissing a complaint by Plaintiff as frivolous. *See Hastings v. Hendrix, et al.*, No. 6:20-cv-00118-C, 2021 WLL 562185, at *3 (N.D. Tex. Feb. 1, 2021) (dismissing Plaintiff's complaint as a "qualifying dismissal under 28 U.S.C. § 1915"); *Hastings v. United States*, No. 22-cv-531, 2022 WL 2679990, at *5 (Fed. Cl. July 12, 2022) (dismissing Plaintiff's complaint as frivolous and considering the dismissal "plaintiff's second strike" under 28 U.S.C. § 1915). Accordingly, while Plaintiff remains imprisoned, he shall be prevented from bringing a civil action or appealing a judgment in a civil action or proceeding pursuant to 28 U.S.C. § 1915 [*in forma pauperis*] unless he is "under imminent danger of serious physical injury." *See Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020).

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3) without leave to replead.  Both Plaintiff's Motion for Summary Judgment (ECF No. 9) and Motion to Sever (ECF No. 17) are **DENIED AS MOOT**.  This dismissal of Plaintiff's Complaint shall count as Plaintiff's "third strike" towards the limitations proscribed by 28 U.S.C. § 1915(g), regarding Plaintiff's ability to proceed *in forma pauperis* in future matters.

Finally, this Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Harrison v. United States*, No. 2020-1765, 2020 WL 6482121, at *1 (Fed. Cir. July 21, 2020).

The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge